IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| GEM SOUTHWEST, LLC, § | |
| § | |
| Plaintiff, § | |
| § | |
| VS. § | Civil Action No. 3:24-CV-1899-D |
| § | |
| TOPY ENTERPRISES LIMITED, et al., § | |
| § | |
| Defendants. § | |

MEMORANDUM OPINION
AND ORDER

In this removed action, defendant Topy America Inc. ("Topy America") has filed an unopposed motion to extend and to set a briefing schedule. In its motion, Topy America asks the court to extend the deadline to answer or otherwise respond to plaintiff Gem Southwest, LLC's ("Gem's") county-court original petition until after the court rules on the special appearance that Topy America filed in county court before the case was removed. For the reasons that follow, the court denies the motion and directs Topy America to raise its personal jurisdiction defense as set out in this memorandum opinion and order.

I

Before this action was removed,[1] Topy America filed a special appearance in county court in which it contested personal jurisdiction. "A Special Appearance could be treated as equivalent to a motion to dismiss in Texas state courts." *Capacitive Deionization Tech. Sys.,*

---

[1] The case was removed by defendant Dowa International Corporation. Topy America consented to removal.

*Inc. v. Water & Sand Int'l Cap., Inc.*, 2008 WL 2796071, at *2 (N.D. Tex. Apr. 21, 2008) (Solis, J.); *see* Tex. R. Civ. P. 120a; *Tabor, Chhabra & Gibbs, P.A. v. Med. Legal Evaluations, Inc.*, 237 S.W.3d 762, 769 (Tex. App. 2007, no pet.) (defendant's motion to dismiss treated as special appearance by trial court).  But "a 'special appearance' is a 'form of pleading abolished decades ago in the federal courts,' and in federal courts, a plaintiff wishing to challenge personal jurisdiction generally must do so through a motion for relief under Rule 12 of the Federal Rules of Civil Procedure." *McCallum v. Camping World, Inc.*, 2020 WL 4556145, at *1 (W.D. Tex. Apr. 21, 2020) (quoting *Voss Prods., Inc. v. Aqua Bailers, Inc.*, 1999 WL 33290614, at *3 (W.D. Tex. Mar. 16, 1999)); *see H&K Int'l, Inc. v. F&M Installations Corp.*, 2023 WL 1452065, at *2 (N.D. Tex. Jan. 31, 2023) (Scholer, J.) ("special appearances in state court are insufficient to bring the issue of personal jurisdiction before this Court"); *United States v. Stacey*, 2023 WL 11857616, at *1 (N.D. Tex. Sept. 5, 2023) (Rutherford, J.).  For that reason, "it is more appropriate to instruct [Topy America] to file a motion requesting relief under the federal rules." *McCallum*, 2020 WL 4556145, at *1.

## II

Accordingly, because Topy America intends to challenge personal jurisdiction, the court directs that it either file a motion to dismiss under Fed. R. Civ. P. 12(b)(2)[2] or assert

---

[2]In fact, defendant Topy Enterprises, Ltd., a different entity, has today filed a motion to dismiss based in part on Rule 12(b)(2), contending that the court lacks personal jurisdiction.

this defense in a responsive pleading, in accordance with the requirements of Rule 12(b), within 7 days of the date of this memorandum opinion and order is filed. *See Voss Prods.*, 1999 WL 33290614, at *3; *Golden v. Cox Furniture Mfg. Co.*, 683 F.2d 115, 118 (5th Cir. 1982) (per curiam). If Topy America raises this defense by motion, response and reply briefs shall be due as provided in N.D. Tex. Civ. R. 7.1(e) and (f).

\* \* \*

For the reasons explained, the court denies Topy America's motion and directs that Topy America raise its personal jurisdiction defense as set out in this memorandum opinion and order.

**SO ORDERED**.

July 31, 2024.

                                                              SIDNEY A. FITZWATER
                                                              SENIOR JUDGE